Lynn J. HUBBARD; Barbara Hubbard, Plaintiffs—Appellees,

v.

**PRICE COSTCO WHOLESALE CORP., a corporation, Defendant—Appellant,**

and

**The Price R.E.I.T., INC., a corporation, Defendant.**

No. 03–55993.

D.C. No. CV–01–01662–JNK (LSP).

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2005.*

Decided March 18, 2005.

Adam David Sorrells, Law Offices of Lynn Hubbard, III, Chico, CA, Scottlynn J. Hubbard, IV, Esq., for Plaintiffs–Appellees.

Frederick M. Kaplan, Charles A. Valente, Krasnow Sanberg Cornblath & Hobbs, Chicago, IL, for Defendant–Appellant.

Alan J. Gordee, Gibson Dunn and Crutcher, Irvine, CA, for Defendant.

Before GRABER, CALLAHAN, Circuit Judges, and BREYER, District Judge.**

MEMORANDUM ***

The Americans With Disabilities Act ("ADA") lawsuit brought by appellants Lynn and Barbara Hubbard ("the Hubbards") against appellant Price Costco Wholesale Corporation ("Costco") in the Southern District of California settled before Magistrate Judge Lou Papas. As part of the settlement, the Hubbards agreed to release Costco from all claims or potential claims relating to any Costco properties, up to the date of the settlement agreement ("the Release"). The stipulation of dismissal, entered by the district court, provided that the magistrate judge shall retain jurisdiction over all disputes between the parties arising out of the settlement agreement.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The Hubbards subsequently filed an ADA action in the Central District of California against Costco with respect to a different Costco store (*"Costco II"*). Costco moved to dismiss on the basis of the Release. The court stayed the motion so that the parties could obtain clarification from Magistrate Judge Papas as to the scope of the Release. The magistrate judge ruled that the Hubbards have not released Costco from any claim that relates to circumstances that existed after the date the parties entered into the Release. Costco appeals from that order.

Under 28 U.S.C. § 1291, "parties may appeal only the 'final decisions of the district courts.'" *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir.1994). A district court's post-judgment order is final and appealable pursuant to § 1291 if it "disposed completely of the issues raised in the post-judgment proceedings." *Natural Res. Def. Council, Inc. v. S.W. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir.2001) (holding that post-judgment order modifying injunction and lifting stay was final and appealable). " 'The foundation of this policy is not in merely technical conceptions of "finality." It is one against piecemeal litigation.'" *United States v. Washington*, 761 F.2d 1404, 1406 (9th Cir.1985) (quoting *Catlin v. United States*, 324 U.S. 229, 233–34, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

The magistrate judge's ruling did not dispose of the issues raised in the post-judgment proceedings. The actual controversy between the parties is whether the Release bars the Hubbards' claims in *Costco II*. Although the magistrate judge opined that the Hubbards "have not released Costco for any claims or potential claims that relate to facts or circumstances

that existed after the date the parties entered into their Release," he did not specifically rule as to whether the Release bars the Hubbards' *Costco II* claims. The decision is therefore not "final."

The *Costco II* court's subsequent ruling that the Release does not bar the Hubbards' claims confirms the non-dispositive nature of the magistrate judge's order. The district court concluded that the magistrate judge's analysis did not finally determine whether the Hubbards' claims were "potential claims" barred by the Release, and therefore the court engaged in its own analysis of Costco's affirmative defense, ultimately denying Costco's motion for summary judgment.

APPEAL DISMISSED.